## IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

THOMAS CURTIS HINES,  #118977                  :

      Plaintiff,                                      :

vs.                                                                :     CIVIL ACTION 11-0644-WS-C

KIM THOMAS, *et al.*,                                :

      Defendants.                                :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. §§ 1983, 1985, and 1986.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After a careful review of the current filing and the plaintiff's extensive litigation history, it is recommended that this action be dismissed without prejudice as malicious.  28 U.S.C. § 1915(e)(B)(i).[1]

**I.  Posture of Action.**

    **A.  Proceedings.**

Plaintiff's action is before the Court on his response to the Court's order to show cause why his action should not be dismissed and counted as a strike for being abusive, and for the screening of the amended complaint under 28 U.S.C. § 1915(e)(2)(B).  (Docs. 16, 17, 19). Plaintiff was ordered to file an amended complaint that contained a "short and plain statement" of his claim, because he initially filed a 168-page complaint, 6-page supplemental complaint, and

---

[1]   This recommendation is made prior to service having been ordered as to any defendant.

13-page corresponding "motion for a temporary restraining order and a preliminary injunction." (Docs. 1, 4, 5, 13, 19).  The original complaint contained claims for the denial of access to courts with respect to plaintiff's thirty-year sentence for possession of burglar's tools, rendered in 1983 pursuant to Alabama's Habitual Felony Offender Act ("HFOA") (Alabama Code § 13A-5-9), which he contends is illegal because he should have received a sentence for a Class C felony which carries a maximum sentence of only ten years, instead of being sentenced pursuant to HFOA.  (Doc. 19 at 6-7).  In the thirty-eight page amended complaint, plaintiff reiterated his access-to-courts claims and added claims related to his prison classification.  (Doc. 19).

Furthermore, in the original complaint, which was signed under penalty of perjury, plaintiff stated that he had not filed any other lawsuits in state or federal court dealing with the same or similar facts, but he had filed other lawsuits relating to his imprisonment.  (Doc. 1 at 3). Because he responded that he had previously filed lawsuits related to his imprisonment, the complaint form instructed him to "describe each lawsuit in the space below" and if there was more than one lawsuit, he was instructed to "describe the additional lawsuits on another piece of paper, using this same outline."  (*Id.*).  Plaintiff listed a lawsuit that he filed in this Court in 1986 against Glenn Davidson,[2] and another that he filed against the same defendant in state court in Montgomery County, Alabama in 1986.  (*Id.*).

Because plaintiff is proceeding *in forma pauperis*, the Court screened his original complaint and discovered in its examination of PACER (Public Access to Court Electronic Records) and the Court's records that plaintiff has previously filed numerous actions going back as far as 1983.  In *Hines v. Hawsey,* CA 02-0574-CB-S (S.D. Ala. Sept. 29, 2004), Chief Judge Steele (then serving as a magistrate judge) took the time to identify plaintiff's litigation history.

---

[2]     Mr. Davidson served as plaintiff's criminal trial attorney in the action decided in 1983.  *Hines v. White,* CA 11-0648-WS-C, 2012 WL 4497642, at *3 (S.D. Ala. Sept. 11, 2012).

2

(Report and Recommendation, Doc. 9, fn. 1).  Mr. Hines clearly received a copy of this Report and Recommendation because he filed objections on January 6, 2003 (*Id*., Doc. 13).

A major complaint presented by Mr. Hines throughout his litigation history is the belief that most of the constitutional problems identified in either habeas corpus actions or civil rights actions are rooted in the unconstitutional sentence he received in 1983.  In light of this information, this Court ordered plaintiff to show cause why his action should not be dismissed and counted a strike under 28 U.S.C. § 1915(g) for abuse of the judicial process or should not be dismissed for failure to comply with the Court's form's requirements.  (Doc. 16).

**B.  Amended Complaint (Doc. 19).**

After Mr. Hines was put on notice of the Court's concerns regarding his failure to provide the court with a complete litigation history, an amended complaint was filed on March 29, 2012.  In the amended complaint, plaintiff complains about a conspiracy that began with his sentencing, which has been joined by numerous judges and officials.  Now, defendant prison officials are alleged to have joined the conspiracy when they denied him access to the courts by changing how inmates access Fountain Correctional Center's ("FCC") law library, its resources, and the law.  Plaintiff alleges that from April 18, 2011 to July 15, 2011,[3] defendants Kim Thomas, James Deloach, Gwendolyn Mosley, Cynthia White, Walter Myers, Richard Hetrick, T. Raybon, and S. Langham[4] joined an ongoing conspiracy against him that is conducted by non-defendants Mobile

---

[3]     Even though plaintiff identified this time frame for his claims, his allegations contain claims beyond his own time frame.

[4]     In plaintiff's general description of his claims, the majority of the allegations do not provide a causal connection to a specific defendant who took the complained of action.  (Doc. 19 at 1-24).  In his allegations, plaintiff vaguely refers to a person or defendant against whom his claims are directed, or he may allege "the defendants" or "a defendant" in some allegations.  It is only when the complaint form requires a specific defendant to be listed that most of the information that is relevant to establishing causal connections is provided.  *Id.* at 24-35. When a specific defendant is mentioned in the general description, that defendant is included in the Court's description of the claim.  Noteworthy is plaintiff's statement in

County Circuit Court Judge John Lockett and Judges Lane Mann,[5] Samuel H. Welch, Kelli Wise, H.W. "Buck" McMillian, Sue Bell Cobb, Pamela W. Baschab, and Greg Shaw.[6]  (*Id.* at 6).  The purpose of the conspiracy was to violate plaintiff's rights under the First, Fourth, Eighth, Thirteenth, and Fourteenth Amendments and under 42 U.S.C. §§ 1985 and 1986.  (*Id.*).

Plaintiff asserts that these judges knew from plaintiff's trial transcript that he could not be sentenced to thirty years in prison on a Class C felony because the maximum sentence is ten years for this felony.  (*Id.* at 7).  These judges also knew his continued incarceration on this sentence violated his rights under Fourth, Eighth, Thirteenth, and Fourteenth Amendments and they "failed to act even though compel[led] to d[o] so under 42 U.S.C. sec. 1985-1986."  (*Id.*).  In 1985, on direct appeal, the Alabama Court of Criminal Appeals rejected his argument that the State failed to give notice that it was treating plaintiff as a habitual offender.  (*Id.*).  However, in 1987, he claims the Alabama Supreme Court adopted his argument in another defendant's case and ordered that defendant resentenced without the application of HFOA.  (*Id.*).

In 1986, the Alabama Court of Criminal Appeals in plaintiff's post-conviction relief proceeding and this Court, on plaintiff's petition for the writ of habeas corpus, rejected plaintiff's argument that his thirty-year sentence is illegal.  (*Id.*).  Plaintiff argued that the admission of his

---

his response to the show cause order is that "[he] has no idea which defendant individually is responsible for the law library at Fountain Correction Center[,]" and he makes a similar statement regarding his mail. (Doc. 17 at 2-4).  *Cf. Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (holding that a plaintiff must causally connect a defendant's actions, omissions, customs, policies, or breaches of statutory duty to a deprivation of the plaintiff's constitutional or federal rights in order to state a claim under § 1983).

[5]     Plaintiff refers to Judge Lane Mann, a person who is known to the Court as the past Clerk of the Alabama Court of Criminal Appeals.  (Doc. 1 at 48).  Hereafter, the Court will refer to this defendant as Lane Mann with the correction that he is not a judge even though plaintiff refers to him as a judge and includes him when a group of judges is mentioned.

[6]     Plaintiff also names as defendants Alabama Department of Risk Management and Alabama Board of Adjustment for the purpose of guaranteeing payment of any judgment that may result.   (Doc. 19 at 34).

prior convictions for impeachment purposes during his criminal trial did not waive the State's requirement to give him notice that he would be treated as a habitual offender or to relieve the State of its burden to prove his prior convictions. (*Id.*). Even though the Court of Criminal Appeals rejected his argument, he alleges its judges, McMillian, Cobb, Shaw, and others, adopted the plaintiff's argument on an identical issue raised in another case using plaintiff's case law, and reversed that defendant's sentence, ordering him to be resentenced without applying the HFOA. (*Id.* at 7-8).

In 2003, when plaintiff filed a Rule 32 petition, he asserts that the conspiracy between Judges Lockett, Welch, and Wise and Mr. Mann to violate his rights continued. (*Id.* at 8). That is, Judge Lockett denied his petition, and Judges Wise, McMillian, Shaw, Baschab, and Cobb affirmed the denial. (*Id.*). Plaintiff argued that the trial court was without jurisdiction to impose an enhanced sentence under HFOA because the HFOA was not invoked prior to trial, after conviction, or prior to sentencing. (*Id.*). Not only did the Alabama Court of Criminal Appeals ignore its 1987 decision that is contrary to its holding in plaintiff's case, he claims that it ignored other issues raised by plaintiff. (*Id.*).

In 2009, plaintiff filed a second Rule 32 petition, in which he asserted that the trial court was without jurisdiction to enhance his sentence because his case action summary sheet reflects that he was not sentenced under HFOA. (*Id.* at 8-9). Judge Lockett summarily dismissed the petition as successive. (*Id.* at 8). Judges Wise and Welch upheld the dismissal on appeal. He incorrectly names Mr. Mann as a third judge (*Id.*). The appellate decision is contended to be contrary to the law that holds jurisdictional issues are not subject to the successive petition rules and to a line of cases from 1997, holding that if the defendant's records do not show that he was

sentenced pursuant to HFOA, a sentence greater than authorized by statute for a conviction is illegal. (*Id.* at 8-9).

"Between April and July-2011, the defendant[s] Kim Thomas, James Deloach, Gwendolyn Mosley, Cynthia A. White, Walter Myers, Richard Hetrick, T. Raybon and S. Langham joined the conspiracy in place formed by the Alabama judges by taking direct action again[st] plaintiff to prevent him from exercising his 1st and 14th Amendment right of access to court." (*Id.*). In February, 2010, when plaintiff was returned to FCC, defendants Thomas, Deloach, Mosley, Myers, and Hetrick were maintaining a law library in a 17 by 20 foot room to serve over twelve hundred inmates. (*Id.*). Plaintiff maintains that the law library was inadequate due to its physical size, law books not being updated, limited seating at only two folding tables, only two Dell computers and another computer for the inmate clerk being available at one folding table, and there being only a standard typewriter and a small table with a Brother word processor. (*Id.* at 9-10). Plaintiff states that "defendant" compensated for the law library's inadequacy by allowing plaintiff to use the law library six days a week from 8:30 a.m. to 5:00 p.m. (*Id.* at 10).

Plaintiff alleges that his trouble began when he advised defendants White, Thomas, the Alabama Parole Board, and the Alabama Supreme Court that his sentence and resulting incarceration were illegal. (*Id.*). Plaintiff directed them to his case action summary sheet and the trial court's sentencing order that do not show that he was sentenced pursuant to HFOA, and therefore he could not receive a thirty-year sentence for a Class C felony which carries only a ten-year maximum sentence. (*Id.* at 10-11).

In 2011, plaintiff filed two original habeas corpus actions with Alabama Supreme Court, with the first petition being filed on April 18, 2011. (*Id.* at 11). In the first habeas petition, he

recounted the litigation history of his challenges to his thirty-year sentence under HFOA, the Alabama courts subsequently agreeing with his argument in other defendants' cases, but not allowing him to benefit from it, and the State withholding this change in the state's law from the federal court in his federal habeas corpus proceeding. (*Id.*). His habeas petition contained other arguments challenging his sentencing and resultant incarceration, some of which were previously described. (*Id.*). When the Alabama Supreme Court received his petition, the docket sheet reflects that Judge Wise was notified, which, plaintiff contends, began the coordinated effort by defendants Thomas, Deloach, Mosley, White, Myers, Hetrick, T. Raybon, and S. Langham to violate his First and Fourteenth Amendment right of access to the courts. (*Id.* at 11-12).

Plaintiff "assumes" his case was assigned to Judge Wise. (*Id.* at 12). On June 23, 2011, an unknown judge transferred his case to Judge Welch at the Alabama Court of Appeals. (*Id.*). "Shortly before the June-23 transfer order or immediately thereafter, the defendant[s] Thomas, Deloach, Mosley, White, Myers, Hetrick, T. Raybon and S. Langham abruptly ordered changes in the law library access rules specifically designed to make it almost impossible for plaintiff to prosecute his habeas corpus when it was dismissed by Judge Welch on July 27, 2011." (*Id.*). Defendants implemented new rules for the law library, which did away with access to the law library from 8:30 a.m. to 5:00 p.m. six days a week. (*Id.*). Instead, plaintiff's access to the law library is scheduled for one day a week when his dorm goes. (*Id.*). The scheduled day is Monday, 8:30 a.m. to 2:30 p.m., which will be not available to him when a holiday falls on Monday, as the law library is now closed on holidays and on weekends. (*Id.*).

Under the new rules, plaintiff must submit a written request to use the law library seven days beforehand and receive a written approval. (*Id.* at 13, 18). Defendants will then use a lottery system to see which prisoners will get to use the law library based on requests submitted

from plaintiff's dorm and the other dorm scheduled for Monday access; the combined dorms' population is 380 inmates, all of which will not fit in seventeen by twenty foot law library. (*Id.* at 13).

Plaintiff asserts that access is meaningless because books are missing, books have not been updated since 2009 so the two computers have to be used to determine if the case is still good law, and computer time is limited to one hour when seven or more inmates are using the law library. (*Id.* at 13-14). In addition, defendants further hampered plaintiff's access by removing the Brother typewriter, thereby leaving only a standard typewriter in the law library for 1268 inmates to use. (*Id.* at 14). Defendants removed one folding table with its six chairs, leaving only one table with six chairs. (*Id.*). The Westlaw system was replaced with the Lexis system, which limits access only to the Fifth and Eleventh Circuits, the United States Supreme Court, and Alabama cases. (*Id.* at 14-15). This reduction in cases "remove[d] completely . . . case law current from other circuit[s] plaintiff would rely on to support his claim in this complaint as well as his pending habeas corpus filed in CV-11-0648 WS-C." (*Id.* at 15). Plaintiff listed in the amended complaint five cases from other circuits with their citations and holdings that he contends would support his access claims in this action, but which were removed in November or December 2011 to prevent plaintiff from "further researching them for additional case law in other circuit[s]." (*Id.* at 15-16).

These new rules have created "unnecessary competition for limited law library time and resources[.]" (*Id.* at 19). Previously, plaintiff would have access to a computer when a prisoner leaves to eat or to go to the yard. (*Id.*). And under the new computer system, plaintiff in unable to check and read defendants' authorities from other circuits during the years from 2004 to 2012. (*Id.* at 20).

In addition, to these new law library rules, "defendant" ordered plaintiff's mail to be monitored which caused his trial transcript from the Alabama Department of Archives, mailed in May, 2011, to be removed and destroyed.  (*Id.* at 16).  The transcript allegedly contained evidence that plaintiff's thirty-year sentence was illegal.  (*Id.*).  It was further ordered that plaintiff's mail be delayed in order to keep him from promptly requesting additional law library time to prevent him from responding to the July 27th dismissal of his first habeas corpus petition by filing an application for rehearing.  (*Id.*).  It was further ordered that plaintiff's outgoing mail be delayed so he could not file his second petition for habeas corpus in the Alabama Supreme Court within fourteen days from the dismissal of his first habeas corpus petition.  (*Id.*).  Thus, his second habeas corpus petition was dismissed as untimely.  (*Id.*).  Subsequently, plaintiff was denied access to the law library until after the fourteen-day period for filing an application for a rehearing had expired.  (*Id.*).  Plaintiff's first habeas corpus petition, its application for a rehearing, his second habeas corpus petition, and its application for rehearing are alleged to all contain "non-frivolous" claims which he was not able to present.  (*Id*. at 17, 20).  Although not absolutely clear, it appears that plaintiff contended that the Alabama Supreme Court's decisions dismissing his petitions as untimely were erroneous because under Alabama law no time limit for filing a habeas corpus petition exists.  (*Id.* at 17).  Plaintiff lost these arguments because defendants denied him access to the law library.  (*Id.*).  That is, because of the law library rule changes, "plaintiff['s] two non-frivolous habeas corpus [petitions] [were] dismissed as a direct result[.]"  (*Id.* at 20).

Plaintiff contends that these rules, which are the most "severe and restrict[ive]" ever implemented at FCC, were "designed and implement[ed] to prevent plaintiff from prosecuting his claims in his state court habeas corpus because they were promulgated and implement[ed]

and enforced immediately after plaintiff filed his first habeas corpus in the Alabama Supreme Court on April 18-2011 and it being transferred to the Alabama Court of Criminal Appeals for dismissal between June 23-2011 and July 27 -2011." (*Id.* at 18).  Plaintiff maintains that defendants' actions were "blatant." (*Id.*).

### 2. Classification Allegations.

The classification claims added in the amended complaint are against defendants Kim Thomas, Cynthia White, Stan Dean, Bridgett Tyner, Annette Coleman, Cynthia Brown, and Lauren Philyaw for violating plaintiff's procedural and substantive due process rights under 42 U.S.C. §§ 1983, 1985, and 1986.  (*Id.* at 21).  These defendants allegedly failed to properly examine his record for convictions so that he could participate in programs, and after discovering that he was improperly barred, they failed to remove the bar.  (*Id.* at 21, 28).

In 1984 or 1985, plaintiff's classification records reflected that he had three convictions for escape; when in reality, he only had one conviction for attempted escape from a city jail in 1981.  (*Id.* at 21).  Plaintiff complained at that time about this erroneous information and was told that it would be investigated and cleared up, but his three convictions would not prevent him from participating in work release.  (*Id.*).  In November or December 1990, plaintiff was granted community custody and was assigned to work release during which he worked at Fural Daniels on Rangeline Road as a skilled laborer until he was released on parole in July, 1991.  (*Id.*).

In January 2010, at Kilby Correctional Center plaintiff was told that under 2010 criteria for work release participation, he was ineligible due to his three escape convictions.  (*Id.*).  Plaintiff informed officials that he only had one conviction, which was for attempted escape.  (*Id.* at 21, 28).  Plaintiff was transferred to FCC in February 2010.  (*Id.* at 22).

During 2010, plaintiff contends his procedural due process rights were violated when he was not given his semi-annual progress review.  (*Id.*).  In March, 2011, when defendant Philyaw gave him his annual progress review, he told her that he had only been convicted on one attempted escape charge from a city jail in 1981, and requested that he be recommended for community custody and placement at a work release center.  (*Id.*).  Defendant "Philyaw responded, 'What, you think I want them (classification supervisor – Central Records) to think I am stupid!'"  (*Id.*).

Defendant Philyaw said that she would note his complaint, but she would recommend only medium custody.  (*Id.*).  Defendants Brown, White, Dean, Tyner, and Coleman approved the recommendation, and plaintiff was told he could appeal their decision that permanently barred him from work release.  (*Id.*).  Plaintiff maintains that the defendants are required by Alabama law to examine his convictions records and to show that he only had one conviction for attempted escape.  (*Id.*).  In addition, parole violators, like plaintiff, who have no new offenses are allowed to participate in all release programs.  (*Id.*).

In 2011, plaintiff was not given his semi-annual progress review, and as of March 25, 2012, he had not been given his annual progress review.  (*Id.* at 23).  Believing that he would again be denied participation in the state's programs, he wrote to defendant Kim Thomas explaining his position, but he has not received a response.  (*Id.*).

For relief, plaintiff requests his motion for appointment of counsel be granted; reconsideration of his motion for a temporary restraining order or in the alternative for a preliminary injunction; a declaratory judgment that defendants violated his First and Fourteenth Amendment rights; an injunction requiring the submission of a plan to expand and update the FCC law library to accommodate the 1268 inmate population and to cease from enforcing the

present law library rules; an injunction requiring defendants to cease from barring him from participating in minimum and community custody; an order barring defendants from retaliating against him for filing this lawsuit; an award of compensatory and punitive damages; and any other relief to which he is entitled as a matter of law.  (*Id.* at 37).

## II.  Analysis.

In response to the Court's order requiring that he file a superseding amended complaint and to show cause why this action should not be counted as a strike, plaintiff filed a motion for reconsideration, which contains his response to the show cause order.  (Doc. 17 at 13).  He informs the Court that "'[w]hen [he] read the sanction portion of this Court order[,] he was reminded of law clerks for judges in state court writing orders in judges['] names, the judges never seeing the order resulting in a situation like plaintiff being entitled to relief denied by a law clerk because he think the prisoner don't really understand the law."  (*Id.* at 12).  After making other statements of the same tenor, plaintiff concluded by stating that "it[']s a fact, that not once in any complaint [he has] filed since 1986 has [he] sought to mislead this Court or any court in [his] litigation, nor did [he] intentionally or otherwise leave out information on a court form asked of [him]."  (*Id.* at 13).  Plaintiff admits that the Court is "correct" that he did not include all of his prior lawsuits, and he asserts that "the omission is an honest mistake" as he was preparing the 168-page complaint and contends that he should be allowed one mistake or to correct his one mistake as Rule 11 would allow him twenty-one days after notice.  (*Id.*).  He seeks to amend his original complaint to provide the omitted information even though he is unsure that he remembers every case.  (*Id.*).  He further states that after examining the law in relation to § 1915, he cannot "honestly be accused of abuse of the judicial process [as] not a single complaint plaintiff has filed been frivolous in the true sense of the word or fail to state a claim, these

term[s] [were] applied in only one case plaintiff filed in this court . . . [because] plaintiff filed his claims in the wrong form[.]"  (*Id.* at 14-15).

Plaintiff's motion to reconsider was denied.  (Doc. 18).  Thereupon, plaintiff filed his amended complaint in which he added information about some of his prior lawsuits.   (Doc. 19 at 3-5).  Plaintiff listed approximately five prior actions and vaguely alluded to more actions.  The vague information about other lawsuits is not beneficial to the Court in screening his amended complaint.  In screening a complaint under 28 U.S.C. § 1915(g), a court is "involve[d] in more than sophomoric arithmetic [as c]ourts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, . . . the reason for the dismissals[.]"  *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 215-17 (2007).  Interestingly, plaintiff's listing only shows one action that was dismissed for failure to state a claim, *Hines v. Davidson,* CA 87-0555-BH-M (S.D. Ala. Sept. 29, 1987) (action against criminal defense counsel was frivolous), when he also had an appeal in another action that was dismissed as frivolous, *Hines v. J. O. Davis,* CA 84-0932-BH-B (S.D. Ala. Nov. 27, 1984).  Furthermore, plaintiff did not inform the Court that at the time he filed the present action that he contemporaneously filed an "independent action and/or motion to set aside judgment," which was treated as a habeas petition and eventually dismissed as a successive petition.  *See Hines v. White,* CA 11-0648-WS-C (S.D. Ala. 2012), *denying certificate of appealability* No. 12-13732-E (11th Cir. Mar. 1, 2013).  In the contemporaneous habeas, plaintiff challenged his thirty-year sentence under HFOA.  And plaintiff reveals in the present action that he is also challenging his sentence.  *See* Doc. 17 at 11 ("Plaintiff does not believe his case is rare what is rare is a prisoner

understand[ing] <u>Lewis</u> and understanding that under certain circumstances claims that normally would be examined under habeas corpus can also be examined in the context of 1983[.]").[7]

Even though plaintiff claims not to have intentionally misled the Court, his omission of a substantial portion of the requested information is clearly intentional and has caused the Court additional work in determining if he comes within the scope of 28 U.S.C. § 1915(g)'s three-strike rule.  The Court will show flexibility in regard to the information provided in that every scintilla of information requested by the complaint form is not absolutely necessary, but basic identifying information of prior cases and their holdings are.  In his amended complaint in which

---

[7]     The entirety of plaintiff's quote from his motion for reconsideration reads:

> Plaintiff does not believe his case is rare what is rare is a prisoner understand[ing] <u>Lewis</u> and understanding that under certain circumstances claims that normally would be examined under habeas corpus can also be examined in the context of 1983 of the claim is not raised seeking habeas corpus relief, but is offer[ed] for the sole purpose of showing that he had a non-frivolous claim that was dismissed on habeas corpus as the result of the defendant['s] action in this case, and because of those action[s], plaintiff was actually injured.  Though the court may like to bring those facts that would support habeas corpus relief under 2254 within that realm, its placement is proper in plaintiff['s]1983 complaint and he move[s] the court to withdraw that part of its order requiring that plaintiff raise these claims in habeas corpus, under the facts in plaintiff case, the facts can be examined under 1983 in the context of whether plaintiff dismissed habeas corpus contained a non-frivolous claim to show actual injur[y] under <u>Lewis</u> and in the context of 2254 to determine whether plaintiff['s] 30 years sentence is illegal and by extension his incarceration.

Doc. 17 at 11.  The Court notes that although plaintiff would like the Court, when ruling on his access-to-courts claims, to examine his sentencing claims, the decision in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), more than likely would come into play.  *Burd v. Sessler,* 702 F.3d 429, 434 (7th Cir.), *pet. for cert. filed,* No. 12-9831 (Mar. 15, 2013) ("If the injury in question is losing the underlying case, then *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), comes into play. *Heck* holds that a damages remedy that necessarily implies the invalidity of a criminal conviction (or the loss of good-time credits, see *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)) is impermissible while that conviction stands.").

he attempted to identify about five of his cases,[8] plaintiff did not provide sufficient information in regard to one case and mentions that he may have filed other cases.[9]

However, in reading plaintiff's claims, it is apparent that plaintiff had information about some of his prior cases as he refers to some of these cases and their holdings in his allegations. Plaintiff should have listed his federal and state court cases, but he did not, even though he had the ability to comply.  Moreover, the litigation history of his criminal sentence would have been more concisely and clearly conveyed if he had responded appropriately to the complaint form's questions and to the Court's March 29, 2012 order that he complete the Court's § 2254 petition form.  (Doc 16).  Instead of completing the Court's habeas form, he asks that the Court's order requiring its completion be stayed and asserts that he is not bringing habeas claims in this action. (Doc. 17 at 11, motion for reconsideration).  The Court will accept that he is not seeking habeas relief in this action, particularly in light of the fact that he filed an action, *Hines v. White,* CA 11-

---

[8]       Plaintiff provides these five cases in response the complaint form's question inquiring about other lawsuits that he filed in state and federal court relating to his imprisonment.  Whereas, he gave a negative response to the form's other question concerning whether he filed lawsuits in state or federal court about the same or similar facts involved in this action when he should have responded in the affirmative.  That is, he states that he is claiming that a substantial part of this action is his challenge to the constitutionality of his criminal sentence, which he has brought before numerous courts, although he may not have previously litigated the present state of FCC's law library and its impact on his access to the courts.

[9]       The Report and Recommendation that was served on Mr. Hines in 2003 established that his litigation history includes *Hines v. Hawsey,* CA 02-574-CB-S (S.D. Ala. Sept. 29, 2004); *Hines v. Davidson*, CA 87-0555-BH-M (S.D. Ala. Sept. 29, 1987); *Hines v. Dove,* CA 84-1338-BH-B (S.D. Ala. Dec. 14, 1984); *Hines v. J. O. Davis,* CA 84-0932-BH-B (S.D. Ala. 1984); *Hines v. Castle,* CA 83-1366-BH-B (S.D. Ala. Dec. 7, 1983); *Hines v. Dove,* CA 84-0808-BH-B (S.D. Ala. Oct. 30, 1984); *Hines v. Davis*, CA 84-1395-BH-C (S.D. Ala. Dec. 7, 1984); *Hines v. Davis,* 85-0827-CB-M (S.D. Ala. June 7, 1989); *Hines v. Davis*, CA 86-0234-BH-C (S.D. Ala. June 1, 1989); *Hines v. Johnson,* CA 86-0357-BH-M (S.D. Ala. Dec. 5, 1988); *Hines v. Dove,* CA 86-0405-P-S (S.D. Ala. Jan. 22, 1987); *Hines Davis,* CA 86-0999-CB-M (S.D. Ala. Oct. 24, 1989).   The Court notes that upon review of the report and recommendation in *Hines v. Hawsey, supra,* the listed case of *Hines v. Judge Key,* CA 85-0853-BH-S (S.D. Ala. Oct. 18, 1985), appears to have been filed by another person, Thomas Cleve Hines.  Even after Mr. Hines was clearly directed to file a superseding amended complaint, he only attempted to list five of these actions, one of which is not clearly identifiable.

0648-WS-C, contemporaneously with the present action that was treated as a habeas petition, albeit a successive petition.  (Doc. 19).

However, the Court finds that plaintiff was more concerned with surrounding his challenge to his thirty-year sentence with as much information as possible at one time by filing his inordinately lengthy complaint with its related filings (Docs. 1-8) and by filing his contemporaneous habeas petition,[10] than providing the Court with information that it needs in every *pro se* prisoner case where a request to proceed as a pauper has been filed.  As manifested by plaintiff's allegations in this action and his habeas action, and his handling thereof, he is well versed in the filing/litigating lawsuits and in conducting legal research.  The manner in which plaintiff is conducting the litigation of his claims indicates to the Court that obtaining a favorable ruling on his claims is just one of his purposes.  This conclusion is based on plaintiff's non-responsiveness to the Court's order requiring that he file a completed habeas petition form and a "short and plain statement," and on his responses to the complaint form's questions, the tenor of his objection, and his persistence in filing challenges to his criminal sentence even after he has been told he could not again a file a habeas petition attacking his sentence.  Furthermore, he maintains in his motion that he cannot file a short and plain statement of his claim because "defendants ha[ve] made it impossible" as he has no idea who is responsible for the law library at FCC; thus, he cannot single out one person against whom he can make a short and plain

---

[10]    After the Eleventh Circuit Court of Appeals denied plaintiff's application for leave to file a second or successive habeas petition, he filed an "Independent Action/And or Motion to Set Aside Judgment" in *Hines v. White,* CA 11-0648-WS-C, (Doc. 15 at 6, Report and Recommendation, May 24, 2012).  Notwithstanding plaintiff's effort to avoid filing a habeas action, this action was construed as a successive habeas action (Docs. 15, 19, 28 at 4, n.2), and was dismissed by this Court as such because no fraud on the court was found based on an allegation that the Assistant Attorney General did not advise his previous federal habeas court of a State court decision that he considered critical to his claims.  (Docs. 28, 32, 37).

statement and thereby reduce the length of his complaint.[11]  (Doc. 17 at 2).  In sum, plaintiff's

conduct in this action is conduct that courts have deemed abusive, and for which, courts have

imposed the double sanction dismissing the action without prejudice and counting the dismissal

as a strike on the ground of being malicious.

Section 1915(e)(2)(B)(i) provides that an action shall be dismissed if the action is found

to be malicious.  An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner

plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring

disclosure of such history and signs it under penalty of perjury, as such a complaint "constitutes

abuse of the judicial process warranting dismissal of the case without prejudice." *Thompson v.*

*Quinn,* No. 3:11cv533/RV/EMT, 2012 WL 6761569, at *1 (N.D. Fla. 2012) (unpublished)

(collecting cases), *adopted,* 2013 WL 45259 (N.D. Fla. Jan. 2, 2013); *see Rivera,* 144 F.3d at 731

(finding an action that had been dismissed for abusing the legal process because an inmate lied

under penalty of perjury about a prior lawsuit to be malicious); *Harris v. Warden,* No. 11-14690,

2012 WL 5907451, at *1 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action

for an abuse of process where the inmate failed to disclose his litigation history in his original

and amended complaints even though the form complaint described the type of cases he was

bound to disclose); *Jackson v. Florida Dep't of Corr.,* 491 F. App'x 129, 132 (11th Cir. 2012)

(unpublished)[12] (affirming the dismissal without prejudice of inmate's action as malicious

because he abused the judicial process when under penalty of perjury he represented in his

complaint that he had not had an action dismissed prior to service of process, whereas he had

---

[11]    The Court agrees with plaintiff's admission that his amended complaint is not a "short and plain"
statement.

[12]    "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive
authority."  11TH CIR. R. 36-2 (2005).

two, one of which was contained in the complaint but not in the section inquiring about such cases), *cert. denied,* 2013 WL 1788095 (Apr. 29, 2013) (No. 12-8885); *Redmon v. Lake County Sheriff's Office,* 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs,* 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); *Young v. Secretary Fla. Dep't of Corr.,* 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits in spite of his argument that he no longer has access to the documents so he could answer fully due to the rule regarding "excess legal material"); *Hood v. Tompkins,* 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he has brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

In the present action, the Court finds that the information requested was available to plaintiff and he chose not to provide it to the Court and then knowingly signed the complaint and amended complaint under penalty of perjury.  Even though plaintiff asserts that the omission of his prior actions was an honest mistake, the Court finds that it was intentional in that he was interested in putting forward what he thought would insulate his action from dismissal instead of providing the information required by the Court.   Furthermore, plaintiff argues that if the opinion in *Pinson v. Grimes*, 391 F. App'x 797 (11th Cir.), *cert. denied,* 131 S.Ct. 527 (2010), which the Court cited in its order and which is unavailable to him, is relied on it will create a conflict in the circuits in light of the decisions in *Boles v. Matthews,* 173 F.3d 854 (6th Cir. 1999), and *Yellen v. Mueller,* 61 F. App'x 446 (9th Cir.), *cert. denied,* 537 U.S. 1237 2003). (Doc. 17 at 15).  A review of these decisions cited by plaintiff shows that the *Boles* court reversed a district court's finding of three strikes because two of the strikes were based on appeals that were dismissed for failure to prosecute.  *Boles,* 173 F.3d at *4.  Similarly, in *Yellen*, the court vacated a § 1915(g) dismissal because one of the strikes was based on an appeal that was dismissed for failure to prosecute which is not a ground listed in § 1915(g).  *Yellen,* 61 F. App'x at *447.

*Yellen* and *Boles* are not in conflict with *Pinson*, which relies on the binding Eleventh Circuit case of *Rivera,* 144 F.3d 719, *supra*, because they stand for a different proposition than is at issue, which the *Pinson* and *Rivera* courts address.  The district court in *Rivera* counted as a strike a lawsuit where the plaintiff was found to have abused the judicial process when under penalty of perjury he lied about the fact that there was a previous lawsuit.  *Id.* at 731.  In affirming the district court's treatment, the *Rivera* court reasoned that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the

judicial process [was] precisely the type of strike that Congress envisioned when drafting section 1915(g). *E.g., Roller,* 107 F.3d at 234 (Congress sought to curtail "abuse of the federal judicial system[.]")." *Id.* Relying on *Rivera,* the *Pinson* court affirmed the district court's issuance of a strike based on its finding that the plaintiff abused the judicial process when he failed to list in his complaint signed under penalty of perjury two federal cases that he had filed within a month of filing the present action. *Pinson,* 391 F. App'x at 799.

*Rivera* and *Pinson* counted as strikes actions where the district court found an abuse had occurred when the plaintiff did not list all of the actions that he had previously filed in a complaint signed under of penalty of perjury. Based upon the foregoing reasons, it is recommended that a sanction be imposed against plaintiff for being untruthful in his complaint signed under of penalty. (Doc. 1) The Court finds that his conduct is abusive and that it continued when plaintiff filed his amended complaint. (Doc. 19). Inasmuch as plaintiff caused more work for the Court and is proceeding *pro se* and *in forma pauperis*, the Court finds that a reasonable sanction is to count this action as a strike for § 1915(g) purposes, in that it is malicious,[13] and to dismiss this action without prejudice.

---

[13] If plaintiff's true intention in filing this action is that he wants the Court to rule on the constitutionality of his criminal sentence, the Court questions whether the very fact of filing this action is malicious. How many times can a plaintiff challenge a criminal sentence until his persistence is deemed malicious and harassing? *See Lynn v. McClain,* 12 F. App'x 676, 679 (10th Cir. 2001) (warning an inmate who had filed three habeas actions before exhaustion of his state court remedies had occurred and after he had challenged his conviction in § 1983 actions that "continuing to engage in a pattern of litigation activity which is manifestly abusive will result in additional filing restrictions, applicable to any type of civil case") (citations, quotation marks, and alterations omitted); *see also Miles v. Williams,* CA No. 2:12-CV-910-TMH, 2012 WL 6923805 (M.D. Ala. Dec. 14, 2012) (dismissed as malicious the repeated filing of a condition of confinement claim, putting glass in his grits); *Stepp v. King,* CA No. 2:09cv383-WHA, 2009 WL 1370918 (M.D. Ala. May 13, 2009) (dismissing as malicious plaintiff's second action that was duplicative of his pending action that contained the same claims regarding the application of the Community Offender Act to him and sued the same defendant).

In enacting the screening provisions for *in forma pauperis* actions, 28 U.S.C. § 1915(e)(2)(B) (formerly § 1915(d)),

**III.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice as malicious prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is further recommended that the dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

**IV.  Notice of Right to File Objections.**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 13th day of June,  2013.

---

Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or *repetitive* lawsuits. To prevent such abusive or captious litigation, § 1915(d) [now § 1915(e)(2)] authorizes federal courts to dismiss a claim filed in forma pauperis "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.

*Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989) (emphasis added).

s/ WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE